# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-23358-BLOOM/Louis

ELIEZER TAVERAS,

    Plaintiff,

v.

OCWEN LOAN SERVICING LLC, and
U.S. BANK NATIONAL ASSOCIATION,

    Defendants.
_____/

## ORDER ON EMERGENCY MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Emergency Motion for Reconsideration, ECF No. [29] (the "Emergency Motion"), filed on September 6, 2019. The Court has carefully considered the Motion, the applicable law and the record in this case, and is otherwise fully advised. For the reasons that follow, the Emergency Motion is denied.

This action arises as a result of a foreclosure proceeding in state court. The Plaintiff alleges that he was fraudulently induced by Defendants into signing a settlement and release agreement and consent final judgment of foreclosure. Plaintiff asserts that the Defendants did not have the right to seek foreclosure. As a result, Plaintiff seeks declaratory relief and damages pursuant to the Fair Debt Collection Practices Act. *See generally*, ECF No. [7]. Plaintiff previously sought a temporary restraining order and preliminary injunction seeking to prevent eviction of the family living in the subject property, which the Court denied. ECF No. [15] ("TRO Order").[1] Plaintiff now seeks reconsideration of the Court's TRO Order upon an emergency basis, requesting that the

---

[1] This case was previously assigned to the Honorable Cecilia Altonaga. Upon motion by the Plaintiff, Judge Altonaga recused herself and this case was reassigned to the undersigned on September 5, 2019. *See* ECF No. [25].

Court issue a temporary restraining order and/or preliminary injunction to prevent the Miami-Dade County clerk of courts from issuing a certificate of title, or in the alternative, prohibiting Defendants from attempting to evict the residents at the subject property until the resolution of this case.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

In the Emergency Motion, Plaintiff contends that reconsideration is proper in order to correct a clear error. Specifically, Plaintiff argues that the Court committed a fundamental error in concluding that he failed to show irreparable harm because there was no allegation that Defendants

had taken any action to evict Plaintiff. The Court disagrees with the Plaintiff and, upon review, Plaintiff's Emergency Motion is not well taken. The Motion for Reconsideration amounts to no more than disagreement with the Court's reasoning and ultimate conclusion, and reargues points already considered by the Court in issuing its TRO Order. *See Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly.") (citation and alterations omitted); *see also See Roggio v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.") (internal citation and quotations omitted).

Accordingly, Plaintiff's Emergency Motion, **ECF No. [29]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 6, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eliezer Taveras, *pro se*
15465 SW 19 Way
Miami, FL 33185
Email: etaveras2020@gmail.com