# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23358-BLOOM/Louis

ELIEZER TAVERAS,

    Plaintiff,

v.

OCWEN LOAN SERVICING LLC, and
U.S. BANK NATIONAL ASSOCIATION,

    Defendants.
_____/

## ORDER ON AMENDED MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Amended Motion for Reconsideration, ECF No. [50] ("Motion"), of the Court's Order, ECF No. [17] ("Order"). In that Order, the Court denied Plaintiff's request to be permitted to electronically file documents via CM/ECF. Defendant filed a response, ECF No. [52] ("Response"). The Court has carefully considered the Motion, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

This case was previously assigned to the Honorable Cecilia Altonaga. Judge Altonaga issued an order denying Plaintiff's first request for electronic filing privileges, ECF No. [16] ("First Motion"), on August 28, 2019. *See* ECF No. [17]. Subsequently, upon motion by the Plaintiff, Judge Altonaga recused from the case, and this matter was reassigned to the undersigned on September 5, 2019. *See* ECF No. [25]. Plaintiff now requests that this Court reconsider Judge Altonaga's Order and allow him to electronically file documents.

In the Motion, as in the First Motion, Plaintiff argues that his inability to file electronically, and the fact that he is located in Spain, imposes significant costs upon him and causes delays in

the progression of this case. While that may be true, Plaintiff's Motion fails to comply with the Local Rules and is otherwise improper.

First, under the Local Rules,

> Whenever any motion or application has been made to any Judge . . . and has been refused in whole or in part, or has been granted conditionally, and a subsequent motion or application is made to a different District Judge . . . for the same relief in whole or in part, upon the same or any alleged different state of facts, it shall be the continuing duty of each party and attorney seeking such relief to present to the District Judge . . . to whom the subsequent application is made an affidavit setting forth the material facts and circumstances surrounding each prior application, including: (1) when and to what District Judge . . . the application was made; (2) what ruling was made thereon; and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon the prior application.

S.D. Fla. L.R. 7.1(e). In the Motion, Plaintiff seeks identical relief based upon the same facts and circumstances set forth in the First Motion, which Judge Altonaga denied. As such, Plaintiff is required to provide an affidavit according to Local Rule 7.1(e), which he did not do.

Second, as Plaintiff is already aware, a motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). However, a motion for reconsideration "is not an opportunity for the moving party

. . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted). While Plaintiff contends that reconsideration is proper in this instance to prevent manifest injustice, the instant Motion constitutes the second time Plaintiff has requested that the Court reconsider orders entered by Judge Altonaga based only upon his disagreement with her rulings. *See* ECF Nos. [29], [31]. However, as the Court has already noted, *see* ECF No. [31], disagreement with previous rulings is not a proper basis for reconsideration. As such, Plaintiff has failed to demonstrate that reconsideration of Judge Altonaga's Order would be proper.

Accordingly, Plaintiff's Motion, **ECF No. [50]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 17, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eliezer Taveras, *pro se*
15465 SW 19 Way
Miami, FL 33185
Email: etaveras2020@gmail.com