UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23358-BLOOM/Louis

ELIEZER TAVERAS,

    Plaintiff,

v.

OCWEN LOAN SERVICING LLC, and
U.S. BANK NATIONAL ASSOCIATION,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. [49] ("Motion"). Plaintiff filed a Response, ECF No. [54] ("Response")[1], to which Defendant filed a Reply, ECF No. [55] ("Reply"), The Court has carefully considered the Motion, the Response and Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I. BACKGROUND

This case arises as a result of an allegedly fraudulent assignment of mortgage, which Plaintiff contends induced him into entering a consent to final judgment in an underlying state court foreclosure proceeding. As alleged in the Second Amended Complaint, ECF No. [40], Maria Sanchez purchased the subject property in May, 2006, and mortgage encumbering the subject property was recorded on July 14, 2006. In August, 2009, an assignment of mortgage was recorded, in which the mortgage on the subject property was transferred to Defendant U.S. Bank National

---

[1] Pursuant to the applicable Rules of Civil Procedure, Plaintiff's Response to the Motion was due on or before October 28, 2019. Plaintiff, without explanation and without seeking an extension, filed his Response untimely on November 4, 2019 (per the postmark). *See* ECF No. [54] at 21.

Association ("U.S. Bank"). In late 2012, an assignment of mortgage was recorded assigning the mortgage to Defendant Ocwen Loan Servicing LLC ("Ocwen"). In May, 2014, Sanchez quit-claimed the property to Plaintiff as trustee for the Taveras Family Irrevocable Trust. In August, 2017, Ocwen, on behalf of U.S. Bank, filed a mortgage foreclosure proceeding in Miami-Dade County Circuit Court with respect to the subject property. In November, 2017, Defendants sent Plaintiff documentation, including the Ocwen assignment of mortgage, asserting that they possessed the authority to pursue foreclosure of the subject property. In September, 2018, in reliance upon the Ocwen assignment of mortgage, the Plaintiff entered into a settlement agreement by which he agreed to the entry of consent final judgment in the foreclosure proceeding. The consent final judgment was entered by the state court in October, 2018, and the subject property was sold in a foreclosure sale. Plaintiff thereafter quit-claimed the property to himself in May, 2019. The state court nevertheless ordered the issuance of title to U.S. Bank Trust at the end of June, 2019. Plaintiff contends that the Ocwen assignment of mortgage contains false, fictitious or fraudulent statements and representations, which he only discovered after signing the settlement agreement and consent judgment. As a result, Plaintiff lost ownership of the property.

In the Second Amended Complaint, Plaintiff asserts four claims against Defendants for fraud under the Civil Remedies for Criminal Practices Act and Florida Statutes, sections 817.535 and 817.034 (Counts 1-2), fraud (Count 3), and intentional infliction of emotional distress (Count 4).

In the Motion, Defendants seek dismissal of Plaintiffs' claims in their entirety.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need

detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). Although the court is required to accept as true all allegations contained in the complaint, courts "are not bound

to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In addition, courts must liberally construe pleadings submitted by a *pro se* litigant. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp 2d 1256, 1264 (S.D. Fla. 2004). Notwithstanding such leniency, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Id*. (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). That is, "[t]he Court cannot simply 'fill in the blanks' to infer a claim." *Grady v. Ga. Dep't of Corr.*, No. CV409-103, 2010 WL 322881, at *2 (S.D. Ga. Jan. 27, 2010). In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

### III. DISCUSSION

In the Motion, Defendants seek dismissal of the Second Amended Complaint. The Defendants contend that the Second Amended Complaint is an impermissible shotgun pleading, the claims are barred by res judicata, Plaintiff released all claims against Defendants, Plaintiff fails to plead fraud with the requisite particularity, the claim under Florida Statutes section 817.535 is barred by the statute of limitations, Plaintiff lacks standing to challenge the assignment of mortgage under Florida Statutes section 817.535, and Plaintiff fails to state a claim for intentional infliction of emotional distress. The Court notes at the outset that in his Response, Plaintiff concedes that Counts 1 and 2 of the Second Amended Complaint should be dismissed. Accordingly, the Court considers the merits of Defendants' remaining applicable arguments.

### A. Res judicata

Defendant argues that Plaintiff's claims barred by res judicata. In response, Plaintiff argues that res judicata does not preclude collateral attack.

The doctrine of res judicata bars a subsequent action when the prior decision: (1) was rendered by a court of competent jurisdiction; (2) was a final judgment on the merits; (3) involved the same parties or their privies; and (4) involved the same causes of action. *Trustmark Ins. Co. v. ESLU, Inc.,* 299 F.3d 1265, 1269 (11th Cir. 2002) (citing *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1296 (11th Cir. 2001)). "A party may raise a res judicata defense by a Rule 12(b) motion when the defense's existence can be judged on the face of the complaint." *Jones v. Gann*, 703 F.2d 513, 515 (11th Cir. 1983) (citation omitted).

Here, there is no allegation that the state court lacked jurisdiction to enter the consent judgment, and Plaintiff does not dispute that the foreclosure proceeding and this case involve the same parties or their privies. Plaintiff appears to contend that there was no final judgment on the merits because there was no trial. However, a consent judgment is a judgment "entitled to the same preclusive, res judicata effect as any other judgment issued by a Florida court." *Arrieta-Gimenez v. Arrieta-Negron*, 551 So. 2d 1184, 1186 (Fla. 1989). Accordingly, the first three requirements for res judicata are met.

Thus, the Court must determine whether the foreclosure action and this case involve the same causes of action. The bar does not require that the literal causes of action be identical; rather, it encompasses those claims that could have been raised previously. *Trustmark Ins. Co.*, 299 F.3d at 1269; *see also Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1187 (11th Cir. 2003). As such, a court's focus is whether the prior and present actions "arise out of the same nucleus of operative fact, or [are] based upon the same factual predicate," such that the two cases are essentially the

same "claim." *In re Piper,* 244 F.3d at 1297 (citation omitted). In other words, "[c]laims are considered the same cause of action if the facts essential to the maintenance of both actions are the same, that is, if the evidence in both cases is in essence the same." *Madura v. Countrywide Home Loans, Inc.*, 344 F. App'x 509, 517 (11th Cir. 2009) (quotations omitted); *see also Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990) ("[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.") (quotation marks omitted).

Defendants argue that Plaintiff's core allegation in this case—challenging the validity of an allegedly fraudulent assignment of mortgage—is a defense that could have been raised in the foreclosure action, and that by Plaintiff's own admission, he seeks to challenge some aspects of the foreclosure case. In the Response, Plaintiff does not dispute that the validity of the assignment of mortgage is a defense, but contends that res judicata should not apply because he had no reasonable opportunity to raise the instant claims during the foreclosure proceeding, that Defendants' fraud prevented him from fully presenting his claims or defenses, and that the Second Amended Complaint is not an attempt to correct the state court's error, but is necessary to demonstrate that the state court failed in its function to enforce Rule 1.540 of the Florida Rules of Civil Procedure. Plaintiff appears to conflate the doctrines of res judicata and *Rooker-Feldman* and the propriety of challenging the state court action in federal court under the circumstances presented. Moreover, the Court is unconvinced that the fraud Plaintiff alleges prevented him the opportunity to present his claims or defenses in the state court, especially where there are no allegations in the Second Amended Complaint, or argument by Plaintiff, that Defendants actively concealed the allegedly fraudulent assignment.

Under Rule 1.540, judgments may be challenged where there is "fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party." Fla. R. Civ. P. 1.540(b). Notably, Plaintiff affirmatively alleges that the fraudulent assignment of mortgage was recorded in 2012, and that the fraudulent assignment was presented in discovery in November, 2017. *See* ECF No. [40] ¶¶ 18, 20. Plaintiff further alleges that almost a year later, he entered into the settlement agreement and agreed to the entry of the consent judgment in the foreclosure proceeding. *Id.* ¶ 21-22; ECF No. [40-1] at 25-28. In addition, Plaintiff was represented by counsel in the foreclosure proceeding. Thus, this is a case in which, by Plaintiff's own affirmative allegations, he had almost a year in which to explore the accuracy or veracity of the assignment of mortgage and present that defense in the foreclosure proceeding. He chose not to do so, and as the Court has already noted, there are no allegations that Defendants actively concealed the allegedly fraudulent assignment preventing Plaintiff from discovering it. Accordingly, his fraud claim is barred by res judicata.[2]

### B. Failure to state a claim for intentional infliction of emotional distress

Defendants also argue that Plaintiff fails to state a cause of action for intentional infliction of emotional distress. Defendants argue that Plaintiff has failed to allege any facts that would satisfy the outrageousness requirement other than he has suffered "severe emotional distress and mental anguish" as a result of the allegedly fraudulent assignment of mortgage. In Response, Plaintiff contends that his allegations are sufficient. The Court disagrees.

In order to state a claim for intentional infliction of emotional distress, a plaintiff must demonstrate that the outrageous conduct caused severe emotional distress "of such intensity or

---

[2] The parties do not differentiate res judicata applied to the fraud claim as opposed to the claim for intentional infliction of emotional distress. Because the Court finds in the next section that the intentional infliction of emotional distress claim fails for other reasons, the Court does not analyze the claim under res judicata, other than to note that intentional infliction of emotional distress is not a defense to foreclosure.

Under Rule 1.540, judgments may be challenged where there is "fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party." Fla. R. Civ. P. 1.540(b). Notably, Plaintiff affirmatively alleges that the fraudulent assignment of mortgage was recorded in 2012, and that the fraudulent assignment was presented in discovery in November, 2017. *See* ECF No. [40] ¶¶ 18, 20. Plaintiff further alleges that almost a year later, he entered into the settlement agreement and agreed to the entry of the consent judgment in the foreclosure proceeding. *Id.* ¶ 21-22; ECF No. [40-1] at 25-28. In addition, Plaintiff was represented by counsel in the foreclosure proceeding. Thus, this is a case in which, by Plaintiff's own affirmative allegations, he had almost a year in which to explore the accuracy or veracity of the assignment of mortgage and present that defense in the foreclosure proceeding. He chose not to do so, and as the Court has already noted, there are no allegations that Defendants actively concealed the allegedly fraudulent assignment preventing Plaintiff from discovering it. Accordingly, his fraud claim is barred by res judicata.[2]

### B. Failure to state a claim for intentional infliction of emotional distress

Defendants also argue that Plaintiff fails to state a cause of action for intentional infliction of emotional distress. Defendants argue that Plaintiff has failed to allege any facts that would satisfy the outrageousness requirement other than he has suffered "severe emotional distress and mental anguish" as a result of the allegedly fraudulent assignment of mortgage. In Response, Plaintiff contends that his allegations are sufficient. The Court disagrees.

In order to state a claim for intentional infliction of emotional distress, a plaintiff must demonstrate that the outrageous conduct caused severe emotional distress "of such intensity or

---

[2] The parties do not differentiate res judicata applied to the fraud claim as opposed to the claim for intentional infliction of emotional distress. Because the Court finds in the next section that the intentional infliction of emotional distress claim fails for other reasons, the Court does not analyze the claim under res judicata, other than to note that intentional infliction of emotional distress is not a defense to foreclosure.

duration that no ordinary person should be expected to endure it." *Id.* (quoting *In re Standard Jury Instructions—Civil Cases No. 94-1*, 645 So. 2d 999, 1000 (Fla. 1994) (per curiam)). In Florida, "the issue of whether or not the activities of the defendant rise to the level of being extreme and outrageous so as to permit a claim for intentional infliction of emotional distress is a legal question . . . for the court to decide as a matter of law." *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1357-58 (M.D. Fla. 1999) (quoting *Vance v. Southern Bell Telephone Co.,* 983 F.2d 1573, 1575 n.7 (11th Cir. 1993) and *Baker v. Florida Nat'l Bank,* 559 So. 2d 284, 287 (Fla. 4th DCA 1990)).

"While there is no exhaustive or concrete list of what constitutes outrageous conduct, Florida common law has evolved an extremely high standard." *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012) (citation omitted). The Florida Supreme Court, when it recognized the common law tort of intentional infliction of emotional distress, adopted the definition of "extreme and outrageous" conduct set forth in the Restatement (Second) of Torts (1965) § 46 as follows:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985); *see also Henderson v. Hovnanian Enterps., Inc.*, 884 F. Supp. 499, 503-04 (S.D. Fla. 1995). Here, Plaintiff alleges in conclusory fashion that Defendants' conduct was "malicious, oppressive and fraudulent

warranting punitive damages," that Defendants knew Plaintiff would suffer mental distress and anxiety, and that Plaintiff has suffered sever emotional distress and mental anguish as a result. ECF No. [40] ¶¶ 77-80. These allegations are insufficient as a matter of law, given the extremely high standard applicable to claims for intentional infliction of emotional distress.

Because the Court finds that Plaintiff's fraud claim is barred by res judicata and that Plaintiff fails to state a claim for intentional infliction of emotional distress as a matter of law, the Court does not address Defendants' remaining arguments.

### C. Amendment

The Plaintiff previously amended his Complaint. *See* ECF No. [7]. The Amended Complaint was filed following the Court's *sua sponte* review of his initial Complaint and finding that the Amended Complaint was a shotgun pleading. In his Response to the Motion, Plaintiff requests another opportunity to amend. However, because the Court finds that res judicata bars Plaintiff's fraud claim and the claim for intentional infliction of emotional distress fails as a matter of law, the dismissal of Plaintiff's claims will be with prejudice, as any attempted amendment would be futile.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion, **ECF No. [49]**, is **GRANTED**. Plaintiff's remaining claims for fraud and intentional infliction of emotional distress are **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 3, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eliezer Taveras, *pro se*
15465 SW 19 Way
Miami, FL 33185
Email: etaveras2020@gmail.com