# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23358-BLOOM/Louis

ELIEZER TAVERAS,

 Plaintiff,

v.

OCWEN LOAN SERVICING LLC, and
U.S. BANK NATIONAL ASSOCIATION,

 Defendants.
_____/

## ORDER ON MOTION TO SET ASIDE ORDER GRANTING MOTION TO DISMISS OR IN THE ALTERNATIVE TO ALTER OR AMEND THE ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Set Aside Order Granting Motion to Dismiss or in the Alternative to Alter or Amend the Order, ECF No. [57] ("Motion"). The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

In the Motion, Plaintiff requests that the Court set aside its order dismissing this case, ECF No. [56] ("Order"). In pertinent part, Plaintiff argues that he has discovered new evidence to support his claims and that relief from the Order is justified under Rules 59(e), 60(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.

"While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994));

*see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Upon review, relief under Rule 59(e) is not warranted because Plaintiff's Motion amounts to no more than disagreement with the Court's reasoning and ultimate conclusions. *See Z.K. Marine Inc*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly.") (citation and alterations omitted); *see also See Roggio v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste

of judicial time and resources and should not be granted.") (internal citation and quotations omitted).

Pursuant to Rule 60, the Court may grant relief from a judgment or order based upon "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981)[1] (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir.1970)). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). In any event, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

Here, relief is also not warranted under Rule 60(b). Although Plaintiff contends that the Court made an error in the application of law, his contention stems from his disagreement with the Court's Order, which the Court has already determined is not a proper basis for reconsideration.

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

Moreover, Plaintiff fails to demonstrate the exceptional circumstances required to justify relief under Rule 60(b)(6).

Accordingly, Plaintiff's Motion, **ECF No. [57]**, is **DENIED**. This case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 27, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eliezer Taveras, *pro se*
15465 SW 19 Way
Miami, FL 33185
Email: etaveras2020@gmail.com